UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JILL CARUSO**, Individually <br><br> Plaintiff, <br><br> v. <br><br> **CHANDON PARTNERS, LLC,** an Ohio limited liability company**,** <br><br> And <br><br> **DEBRA G, INC.,** an Ohio corporation for profit, <br><br> Defendants. | Case No. 3:21-cv-1758 <br><br> Judge: |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Jill Caruso, individually, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendants, CHANDON PARTNERS, LLC, an Ohio limited liability company and DEBRA G, INC., an Ohio corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Jill Caruso, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which

governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Jill Caruso ("Plaintiff"), is a Monroe County, Michigan resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant CHANDON PARTNERS, LLC owns and operates a shopping plaza located at 4956 Monroe St., Toledo, OH 43623 in Lucas County, Ohio. Upon information and belief, Defendant DEBRA G, INC. operates tenant space "Nick & Jimmy's", which is a bar and restaurant located in the shopping center. Plaintiff patronized Defendants' plaza, including the Nick & Jimmy's therein, most recently on June 15, 2021 and on previous occasions as a place of public accommodation.

6. Upon information and belief, the shopping plaza and restaurant owned and operated by the Defendants is non-compliant with the remedial provisions of the ADA. As

    Defendants own, lease, lease to, or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' shopping plaza and restaurant, as a places of public accommodation, fail to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff, JILL CARUSO is diagnosed with spina bifida and qualifies as an individual with disabilities as defined by the ADA. Plaintiff uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions.

9. The Defendants have discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

10. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

11. A preliminary inspection of the shopping plaza and restaurant owned and operated by CHANDON PARTNERS, LLC, and DEBRA G, INC. has shown that many violations of the ADA exist. These violations include, but are not limited to:

Parking and Accessible Routes

A. There is not the required number of designated accessible parking spaces, there are no van accessible spaces, and accessible parking not dispersed throughout the plaza, in violation of the ADA whose remedy is readily achievable.

B. Designated accessible parking spaces have fading paint and cracked surfaces due to Defendant's failure to maintain its accessible features, in violation of the ADA whose remedy is readily achievable.

C. Designated accessible parking lacks required signage, in violation of the ADA whose remedy is readily achievable.

D. Designated accessible parking access aisles do not lead to an accessible route due to the presence of grass, in violation of the ADA whose remedy is readily achievable.

E. Designated accessible parking is not located on the shortest accessible route to the retail entrances, in violation of the ADA whose remedy is readily achievable.

F. There is no accessible route from accessible parking or otherwise into the shopping plaza due to the presence of curbs, in violation of the ADA whose remedy is readily achievable.

G. There are cracks and changes in level along the accessible route from the designated accessible parking to the retail entrances, in violation of the ADA whose remedy is readily achievable.

H. There is no accessible route of travel from the public way (public streets, sidewalks and public transportation stops) making it difficult for the Plaintiff to traverse, in violation of Section 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

Nick & Jimmy's:

I. The threshold at the entrance exceeds ½ inch, in violation of the ADA whose remedy is readily achievable.

J. The 2nd interior entrance door does not have required maneuvering clearance at the latch side, in violation of the ADA whose remedy is readily achievable.

K. There is no lowered portion of the bar transaction counter for use by customers with disabilities nor an accessible seated or standing dining surface at the bar, in violation of the ADA whose remedy is readily achievable.

L. Men's and women's restroom signage is non-compliant including lacking the international symbol of accessibility and tactile braille, in violation of the ADA whose remedy is readily achievable.

M. The men's restroom door lacks required maneuvering clearance at the latch side to enter from outside, in violation of the ADA whose remedy is readily achievable.

N. The men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

O. The men's restroom mirror is located above allowable height from the finish floor to the reflective surface, in violation of the ADA whose remedy is readily achievable.

P. The men's restroom urinals are located above allowable height and does not have required clear floor space for a forward approach, in violation of the ADA whose remedy is readily achievable.

Q. The men's restroom contains amenities, including a paper tower dispenser and other dispensers, that are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

R. The men's restroom paper towel dispenser does not have required clear floor space to approach due to the presence of a trash receptacle, in violation of the ADA whose remedy is readily achievable.

S. Upon information and belief there is not a wheelchair accessible toilet compartment located in the men's restroom, in violation of the ADA whose remedy is readily achievable.

T. The women's restroom contains amenities, including a paper tower dispenser and other dispensers, that are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

U. The women's restroom paper towel dispenser does not have required clear floor space to approach due to the presence of a trash receptacle, in violation of the ADA whose remedy is readily achievable.

V. The women's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

W. The women's restroom mirror is located above allowable height from the finish floor

      to the reflective surface, in violation of the ADA whose remedy is readily achievable.

    X. The women's restroom side grab bar is not located as required and is entirely missing a rear grab bar, in violation of the ADA whose remedy is readily achievable.

    Y. The women's restroom toilet compartment lacks required clear floor space around the water closet for a wheelchair whereas only an ambulatory stall is provided, in violation of the ADA whose remedy is readily achievable.

    Z. The women's restroom toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

    AA. The property owner and operator lack or have inadequately defined policies and procedures for the assistance of disabled patrons, including the lack of a policy to maintain its accessible features, in violation of the ADA whose remedy is readily achievable.

12. The discriminatory violations described in Paragraph 11 by the facility are not an exhaustive list of the Defendants' ADA violations. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

13. Plaintiff restates the allegations of ¶¶1-12 as if fully rewritten here.

14. The shopping plaza and restaurant, as owned or operated by Defendants, is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

15. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

16. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

17. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 et seq.

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The shopping plaza and the dining and retail spaces within, as owned or operated by Defendants, is a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

20. Defendants have committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges. Defendants' acts are willful, severe and ongoing.  WHEREAS, since the purchase or transfer of ownership of the property in 2015, the Defendant Chandon Partners, LLC has failed to conduct required barrier removal for access to the shopping plaza by disabled customers, and failed to bring or require its tenant restrooms and other features to be brought into compliance with the ADA and Ohio disability discrimination law, failed to survey its property for accessibility violations, or has conducted its own due diligence survey and knowingly and willfully ignored the remedy of known barriers to handicap access.  The aforementioned barriers and actions have caused harm to the Plaintiff. Furthermore, upon information and belief, the Defendant Debra G Inc., has owned or operated the Nick & Jimmy's restaurant since the enactment of the Americans with Disabilities Act and been under an ongoing obligation of readily achievable barrier removal for a period of not less than 28 years but failed to remediate under its obligations under both the federal and Ohio laws.

21. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the

reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff*:

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com